A. D. MCNEILL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

J. A. MCNEILL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

D. R. MCNEILL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 1743–1745.   Promulgated March 9, 1928.

*A. D. McNeill, Esq., Walter Mucklow, C. P. A.,* and *George H. Ford, C. P. A.,* for the petitioners.

*Joseph Harlacher, Esq.,* for the respondent.

OPINION.

LITTLETON: The petitioners contend that in determining the net income of the partnership for the year 1918, the entire period of operations from 1913 to 1918 should be taken into consideration to the end that losses in the prior years should be deducted in determining the net income of the partnership for 1918. The basis of this contention is that the petitioners should have the benefit of that part of article 38, Regulations 45, which reads as follows:

* * * If a farmer is engaged in producing crops which take more than a year from the time of planting to the time of gathering and disposing, the income therefrom may be computed upon the crop basis; but in any such cases the entire cost of producing the crop must be taken as a deduction in the year in which the gross income from the crop is realized.

As herein used the term "farm" embraces the farm in the ordinarily accepted sense, and includes stock, dairy, poultry, fruit and truck farms, also plantations, ranches, and all land used for farming operations. All individuals, partnerships, or corporations that cultivate, operate, or manage farms for gain or profit, either as owners or tenants, are designated farmers. * * *

Even if we should concede the validity of the foregoing regulation, and also that the petitioners qualify thereunder as "farmers," we fail to see wherein we would be brought any nearer to a solution of the question at issue. The regulation referred to provides that "the entire cost of producing the crop must be taken as a deduction in the year in which the gross income from the crop is realized." The gross income from the entire operation was realized not only in 1918, but also in each of the years from 1913 to 1917, inclusive. In so far as the part of the business relating to turpentine is concerned, the sales of this commodity kept pace with the production from 1913 to 1918, inclusive, and was approximately uniform over this period. As to rosin, the sales from 1913 to 1917, inclusive, were 14,223 barrels as compared with a production of 20,860 barrels, and for 1918 the sales

were 9,080 barrels as compared with a production of 4,032 barrels. The average production of rosin over the six years was 4,149 barrels. While it thus appears that the sales of rosin in.1918 were more than double either the production for that year or the average production for the six years, it likewise appears that the gross income for the entire " crop " (using " crop " in the sense contended for by the petitioner as meaning the six years' operations) was not realized in the year 1918 and, therefore, it would be erroneous under the Commissioner's regulations to deduct expenses and costs in 1918 which are not applicable to gross income realized in that year or to transfer gross income realized in prior years to 1918 in order to have applied thereto expenses and costs of these prior years. A different situation would be presented where it could be said that the entire costs which were incurred in the prior years were properly chargeable to the gross income of one year's realization. Suffice it to say that such is not this case. The mere fact that losses were suffered in these prior years on the sales made does not justify the conclusion that these losses are, in effect, to be treated as a part of the cost of the goods which were sold in the year on appeal.

The situation in which these petitioners find themselves is not essentially different from that of other taxpayers where inventories are used in determining net income as prescribed in section 203 of the Revenue Act of 1918. The goods which were sold in 1918 were in part those which were produced in prior years and in part those produced in 1918. The Commissioner accepted the costs as used by the partnership both for the opening and closing inventories, and no evidence has been presented on which we can make a different finding. When, therefore, the Commissioner used these inventories together with the items of income and expense as to which there is no dispute and thus arrived at net income of the partnership, the Board is unable to see wherein error has been committed by the respondent. Of course, it may be true that costs were incurred in the production of these goods which are not reflected in the total cost of the inventory as shown by the petitioners at December 31, 1917, and which would serve to reduce the profits for 1918, but the burden of proof was on the petitioners to show such facts, if they exist, and no evidence was presented which would permit us to change the cost valuation as fixed by the petitioners and used by the respondent. It likewise may be true that operations (including sales) were carried on in years prior to 1918 at a loss with the hope that these losses might be recouped from profits in more prosperous years, but under the revenue acts which govern the present situation, no provision is made for offsetting losses sustained prior to 1918 against profits realized in 1918. The petitioner's theory would per-

mit the tax determination to be made on the basis of a longer period than one year, whereas the statute (section 212, Revenue Act of 1918) provides for an accounting period of one year. We find nothing in this case which would justify a departure from this express provision.

The further consideration exists that apparently the principal reason why a large income is shown in 1918 as compared with prior years is that the market price of rosin in this year was more than double what it was for the preceding years, rather than an inability to show proper costs for the goods sold in this year. This situation with respect to high prices is, however, not unusual for this period when the war was in progress. Since this is the year in which the income was realized, the Board can not do other than approve a deficiency based on such realization.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

Smith and Trussell dissent.